Mr. Justice Thacher
delivered the opinion,of the court.
This is an action of assumpsit, instituted by Fuqua and Adams, formerly eo-partners, against Tindall, upon his promissory note. There was a trial, and a verdict and judgment for the defendant. A bill of exceptions, filed upon the overruling of a motion for a new trial, exhibits, that the defendant below, who relied upon a plea of payment for his defence, filed a bill of discovery against his plaintiffs, which was permitted to be read in evidence, and that the answer of Fuqua, one of the plaintiffs, was excluded from the jury. The reading of both of these documents was objected to by the different parties. The court then charged the jury in effect, that the allegations contained in the bill of discovery were to be taken as evidence in the cause. These, together with the note sued upon, embrace the evidence adduced upon the trial.
Nothing can be better settled than that the material allegations in a bill of discovery, which are neither admitted nor denied by the answer, are to be taken as true. But as the mode of enforcing testimony by the bill of discovery, is a deviation frófii the mode prescribed at common law in procuring evidence, the requirements regulating it must be substantially pursued in order to authorize it.
In the case before us, the bill of exceptions does not show that the persons from 'whom discovery was sought, were in attendance upon the court, nor that subpronas were duly served upon them. In a different part of the record, it is true, that the bill of discovery is set out, and’ the record proceeds to narrate that the “defendants” filed the following answer, &c. But no such statement appears in the bill of exceptions, which is the only place to which this court can properly look for the proof of matters of evidence introduced upon the trial. A bill of exceptions is the proper vehicle of communication between the circuit court and this court in matters appertaining to the evidence of the cause.
It nowhere appears, likewise, that, by order of court, the bill of discovery was directed to be taken, as confessed, as to Adams, before it was permitted to go to the jury. The evidence of *469 service of notice of the bill of discovey upon Fuqua, was not evidence of notice to Adams; it would not have been sufficient had their co-partnership still continued. The requisites of which we have spoken, should have appeared before the bill of discovery was allowed to go to the jury. They are essential preliminaries in procuring evidence from a party to the suit. It may also be well questioned whether the answer of Fuqua was not evidence at least for him.
The judgment must be reversed, and a new trial granted.